IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| CLYDE LEE HALL | § |
| VS. | §   CIVIL ACTION NO. 5:07-CV-188 |
| WARDEN ROY | § |

MEMORANDUM OPINION AND ORDER

Petitioner Clyde Lee Hall, a prisoner proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 28, 2007, the magistrate judge recommended dismissing the petition without prejudice to allow petitioner to exhaust administrative remedies. Petitioner did not file objections to the report and recommendation. On February 14, 2008, the court adopted the report and recommendation, and the case was dismissed.

On March 20, 2008, petitioner filed a motion for reconsideration. Because the motion was filed more than ten days after the judgment was entered, it has been liberally construed as a motion for relief from judgment in accordance with Federal Rule of Civil Procedure 60(b).[1] *See Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Rule 60(b) allows the court to grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied or it

---

[1] A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Court assumes petitioner delivered the motion to prison officials on March 20, 2008, the date on which he signed the motion.

is no longer equitable for the judgment to have prospective application; or (6) any other reason justifying relief.

Petitioner asserts that he was unable to file timely objections because he did not receive a copy of the report and recommendation. Petitioner filed objections after the case was closed.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). A prisoner must exhaust administrative remedies before seeking habeas relief under 28 U.S.C. § 2241, unless administrative remedies are unavailable or wholly inappropriate, or exhaustion would be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). In this case, petitioner acknowledges that he did not exhaust administrative remedies. He has not demonstrated that administrative remedies are unavailable or wholly inappropriate, or that exhaustion would be futile. Further, petitioner has not shown the existence of exceptional circumstances that would warrant excusing exhaustion. Therefore, after careful consideration, the Court concludes the objections are without merit.

After reviewing the motion for relief from judgment, along with the pleadings and applicable law, the Court is of the opinion that the judgment is correct and the motion should be denied. It is accordingly

**ORDERED** that plaintiff's motion for relief from judgment (document no. 9) is **DENIED.**

**SIGNED this 9th day of April, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE